FERRISS & EATON *vs.* THE AMERICAN INSURANCE COMPANY.

*Security for costs* cannot be demanded of the *assignee*, under a voluntary assignment for the benefit of creditors, who prosecutes a suit in the name of the assignor; such suit is not within the meaning of the statute commenced "*for* or in the name of the trustees of a debtor."

MOTION to stay proceedings until the plaintiffs file security for costs. One of the plaintiffs (Ferriss) resides in the state of Ohio ; the other (Eaton) in this state. The action is covenant on a policy of insurance, the interest in which was assigned to two persons in trust for certain creditors of Ferriss; and which assignees brought this suit, and are prosecuting it for the benefit of such creditors. The assignees, or one of them, reside in this state.

*H. H. Martin,* for the motion.

*J. L. Talcott,* contra.

*By the Court,* COWEN, J. It is supposed that this case comes within the 2 *R. S.* 515, § 1, entitling the defendant to security for costs, when the suit is *for or in the name of the trustee of any debtor.* It is true, that the conventional assignees of a debtor, to collect a sum due to him and pay it out to a creditor or creditors, may in some sense be considered his trustees, and so may every agent or bailee of the debtor for such a purpose, and especially assignees of all his property in possession and action for a like purpose ; yet I apprehend the statute was not intended for cases of voluntary conventional assignments, but rather for a class of trustees created by operation of law under the various statutes concerning insolvent debtors, the provisions of which are mainly comprehended in 1 *R. S. pt.* 2, *ch.* 5, *tit.* 1. In the article 8th of the title, 1 *R. S.* 796, 2*d ed.* § 1, all assignees and trustees under any authority conferred by any of the provisions of the preceding articles of that title, are thereby declared to be *trustees of the estate of the debtor,*

The People v. Comm'rs, &c. of Deerfield.

&c. for the benefit of creditors ; and by the same article, they are invested with rights to have demands concerning the estate of the debtor, heard and decided summarily before referees.   In some cases they may bring suits in the name of the insolvent, as well as in their own names.   They might in a few cases have done so without any express statutory provision, but the right is moreover expressly recognized by the 7th section.   In such a case, security for costs would be very reasonably demanded, though the ground of requiring it where they sue in their own names, and reside in the state, is not so obvious.   Suffice it to say, however, that the provision for security now in question may be satisfied by applying it to *trustees proper* of a debtor *declared so by the statute.* There is no reason for giving the provision an enlarged construction.   In the case at bar, one of the nominal plaintiffs resides within our jurisdiction, and, in case of his being unable to pay costs, the assignees can be resorted to by attachment.   The remedy is ample ; and independent of the plaintiffs being trustees, it is a sufficient answer under the statute that any one of them resides within the jurisdiction of this court.   2 *R. S.* 515, § 1, *2d ed.*

Motion denied, with costs.